IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH McDANIEL, ) | |
| ) | Case No. CV-05-32-E-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | |
| ) | |
| UNION PACIFIC RAILROAD, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## INTRODUCTION

The Court has before it the Railroad's motion for summary judgment. The Court heard oral argument on November 6, 2006, and took the motion under advisement. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

Plaintiff McDaniel brings this suit under Section 152, Fourth, of the Railway Labor Act (RLA). McDaniel claims that he was disciplined by the Railroad for circulating a petition to change work hours, conduct that he claims is union activity protected by the RLA.

The Railroad argues that this is a "minor dispute" under the RLA requiring arbitration. The case law defines "minor disputes" under the RLA as disputes

**Memorandum Decision – Page 1**

involving the interpretation or application of the collective bargaining agreement (CBA). *Int'l Ass'n of Machinists and Aerospace Workers v. Alaska Airlines*, 813 F.2d 1038 (9th Cir. 1987). McDaniel responds that his claim – that he was punished for engaging in union activities – can be resolved without any reference to the CBA, and thus cannot be deemed to be a "minor dispute."

Assuming that this is a direct claim under the RLA, the Court has limited subject matter jurisdiction over such claims. *See AFA v. Horizon Air*, 201 F.3d 901 (9th Cir. 2001). Different standards govern this Court's jurisdiction depending on whether the suit involves pre-certification or post-certification rights. *Id.* The parties agreed at oral argument that no pre-certification rights were involved here. Therefore, the post-certification standard applies – requiring this Court to find that there are "exceptional circumstances necessitating judicial intervention such as a policy motivated by anti-union animus or circumstances that significantly undermine the functioning of the union." *Id.* at 906.

While McDaniel's asserts that he was punished for engaging in union activities, the Railroad's motion for summary judgment requires him to produce more than assertions. He must come forward with evidence in the record supporting his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (holding that to meet its burden, the non-moving party must show "by [his] affidavits, or by

**Memorandum Decision – Page 2**

the depositions, answers to interrogatories, or admissions on file," that a genuine issue of fact exists).

The record is not favorable for McDaniel. In his own deposition, he testifies repeatedly that he was acting on his own without any support or approval from the Union. *See McDaniel Deposition* at pp. 19-23. His counsel argues, however, that the Union "encouraged" McDaniel's petition drive for the "betterment" of the Union. *See McDaniel's Brief* at p. 8. Counsel's argument, contained in his brief, cites to his separate Statement of Facts to support the claim of Union involvement. But the cite is general in nature, and fails to point the Court to any specific paragraph in the Statement of Facts, leaving the Court to guess where the support can be found.

The Statement of Facts does refer to a meeting attended by Union officials "to discuss the issues surrounding the petition." *See Statement of Facts* at ¶ 8. However, nothing is revealed about what was said at the meeting other than that it dissolved into a "yelling match," which would imply that nothing was accomplished there. There is no indication whatsoever that the Union was supporting the petition drive, approved of it, or was involved with it in any manner.

The Court is therefore left with counsel's unsupported statement in a brief that the Union "encouraged" the petition activity. Issues of fact cannot be created

**Memorandum Decision – Page 3**

by counsel's statements in a brief. *Celotex,* 477 U.S. at 324; Charles Alan Wright et al., 10A *Federal Practice and Procedure* § 2723, at 389 (3d ed.1998).

On the basis of this record, the Court must conclude that McDaniel was acting on his own, as he says he was, without any connection to the Union. This means that any discipline of McDaniel, however unfair, was directed at him for his own activities, not for any Union activities.

McDaniel argues that Peterson was acting at the behest of the Railroad when he accosted McDaniel, and cites to Peterson's deposition to support that claim. But Peterson testified in his deposition that he and his fellow "gang" members were angry with the work hour change being advocated by McDaniel because of its impact on their families. *See Peterson Deposition* at pp. 23-26. There is no indication in this testimony that Peterson was doing the Railroad's bidding. Indeed, Peterson was disciplined by the Railroad for his conduct. Moreover, Peterson was a Union member, not a member of management. The only reasonable inference that can be drawn from his testimony is that this was a dispute between workers, and that neither the Railroad nor the Union was involved in the petition drive or the accosting incident.

McDaniel points out that Peterson has said that he does not want McDaniel representing him in the Union. However, this merely drives home the point that

**Memorandum Decision – Page 4**

Peterson is a Union member, not a member of the Railroad's management team, and that the incident was simply a dispute between workers. It offers no support for McDaniel's claim that he was conducting a Union activity.

McDaniel also claims that "because of his Union activities," (1) the company revoked his driving privileges; and (2) Peterson's brother unfairly accused him (McDaniel) of sexually harassing a female.

The weak link in McDaniel's argument is the lack of evidence that he was engaged in "Union activities." At most, granting all inferences to McDaniel, the evidence may create an issue of fact over whether the Railroad was seeking retribution for McDaniel's petition activity. While that might be unfair, it does not show anti-Union animus in the complete absence of any evidence connecting the petition drive to the Union.

The bottom line is that McDaniel has come forward with no evidence tending to show that there are "exceptional circumstances necessitating judicial intervention such as a policy motivated by anti-union animus or circumstances that significantly undermine the functioning of the Union." *See Horizon Air*, 201 at 906. For these reasons, the Court lacks subject matter jurisdiction, and will therefore grant the Railroad's motion for summary judgment. The Court will enter a separate judgment as required by Rule 58.

**Memorandum Decision – Page 5**



DATED: **November 13, 2006**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision – Page 6**